UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Olwell,

Court File No. CV 01-1481 (JRT/FLN)

Plaintiff,

vs.

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Medical Information Bureau a/k/a MIB Group, Inc, Osborn Laboratories, and Lincoln Benefit Life Company a/k/a Allstate Financial Group,

Defendants.

Upon stipulation and agreement of the parties,

IT IS HEREBY ORDERED that all parties to the above-entitled action, through their undersigned counsel, shall be subject to a Confidentiality and Protective Order issued pursuant to the following terms:

1. Any party to this action or other person from whom discovery or information is sought may designate as "Confidential" any documents, interrogatory answers, responses to requests for admissions, deposition transcripts, trial testimony, and any other documents, materials and information (hereinafter collectively referred to as "Confidential Materials") heretofore or hereafter produced or disclosed in this action if and to the extent the Confidential Materials contain, reveal, or relate to confidential information, without limitation including trade secrets or other confidential research, development, or commercial information. Confidential Materials shall be stamped with the word "Confidential," on every page for which confidentiality is sought and claimed.

FILED APR 1 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Confidential Materials shall be used by the persons identified in paragraphs 3 and 4 only for purposes of and in connection with the above-captioned matter.

3. Subject to and consistent with the other provisions of this Order, material stamped "Confidential" may be shown or disclosed to the following persons:

a. the parties to this action, or their officers, directors, shareholders, employees, or independent contractors;

b. counsel for such parties, including both in-house and outside counsel, their partners and associates, and stenographic, secretarial, paralegal, and clerical employees;

c. experts or consultants retained by such party or counsel acting on behalf of such party (unless such expert is a competitor of the producing party), including their partners and associates, and stenographic, secretarial, and clerical employees;

d. any person who prepared or originated the document or who is indicated on its face as a recipient of the original or copy thereof or who otherwise legitimately received a copy of the document in the ordinary course of business; and

e. any person from whom testimony is taken or to be taken in this action, except that such person may only be shown Confidential Materials during his or her testimony and in preparation therefor and only to the extent necessary for such preparation or testimony.

4. In addition to any other requirements established herein, prior to the disclosure of Confidential Materials to any person listed in paragraphs 3(c), 3 (d), or 3(e), the party seeking to make such disclosure shall:

a. provide such person with a copy of this Confidentiality and Protective Order; and

b. obtain from such person a signed statement in the form attached hereto as Exhibit A. (Such statement shall be retained by the party and need not be filed with the Court or served upon opposing counsel unless required by Court order.).

5. Any person listed in paragraph 3 who has received or will receive any Confidential Materials shall:

a. read this Confidentiality and Protective Order;

b. use such Confidential Materials only for purposes allowed by this Order;

c. not disclose or discuss such Confidential Materials except as authorized by this Confidentiality and Protective Order; and

d. not utilize such Confidential Materials except as necessary for the prosecution or defense of this action or as otherwise authorized by this Confidentiality and Protective Order.

6. In addition to any other requirements established herein, with respect to testimony elicited from a party, or a party's officers, directors, agents, consultants, experts, and/or employees, whenever counsel for a party or other person deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Materials, counsel shall designate on the record that such disclosure is "Confidential" Material. In such situations, counsel may exclude from the room any person (other than the witness then testifying) who is not entitled under this Order to receive the particular Confidential Materials at issue. The questions and answers designated by counsel as pertaining to such Confidential Materials shall be transcribed separately from the remainder of the deposition. Portions of transcripts designated as including Confidential Materials that are transcribed separately shall be retained by counsel, unless filed in this Court, in which event they shall be filed in this Court in an envelope under seal and the envelope shall include on its face the statement reflected in paragraph 11 of this Order.

Notwithstanding any other provision of this paragraph, a party may designate portions of a deposition transcript as "Confidential" Materials within ten (10) business days of receipt of the deposition transcript.

7. All produced Confidential Materials shall be carefully maintained by counsel to protect their confidentiality. The parties shall cooperate in an effort to ensure that all parties will

be able fully to prepare their cases for trial, advise their clients, and present their case at trial while still maintaining the confidentiality of their opponent's information. If the parties do not agree on how to designate or handle Confidential Materials either during discovery, or at trial, the parties shall undertake good-faith efforts to resolve their disagreement without Court involvement. If after doing so, the parties still cannot agree on how to designate or handle the Confidential Materials, the complaining party shall schedule a telephone conference with the Court for the purpose of resolving the dispute in a manner consistent with the terms and conditions of this Order.

8. Nothing in this Confidentiality and Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things is or is not confidential or proprietary in nature.

9. This Order shall not in any way limit any party's or person's use of information obtained from sources other than a producing party or person, who had legitimately obtained such information in the ordinary course of business, whether or not such information is also contained in Confidential Materials provided by a producing party.

10. In the event that counsel for any party decides to file with the Court any Confidential Materials or any papers containing or making reference to such materials or information, such documents, or the portions of them that contain Confidential Materials, shall be filed only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

**CONFIDENTIAL**

This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Materials.

All such material so filed shall be maintained by the Court Administrator under seal and separate from the public records in this action and shall be released only upon further Order of the Court.

11. This Confidentiality and Protective Order shall be without prejudice to the right of any party or person to oppose production of any information for lack of relevance or on any other ground.

12. On final termination of this action, each party or other persons subject to the terms hereof shall assemble and, at the option of the producing party or person, either destroy or return to the producing party or person all Confidential Materials produced in this action; all copies, summaries, and abstracts thereof; and all other materials, memoranda, or documents constituting or containing confidential information or Confidential Materials. If the producing party elects destruction, the receiving party shall certify in writing to the producing party or person that all such materials were destroyed. Notwithstanding the foregoing, counsel of record for each party may retain one copy of each document constituting or containing such Confidential Materials solely for reference in the event of a dispute over the use or dissemination of such confidential information in violation of the terms of this Confidentiality and Protective Order.

13. Any party or person for good cause may apply to the Court for a modification of this Confidentiality and Protective Order.

14. Nothing herein shall prevent disclosure of Confidential Materials if the party or person designating the information as Confidential Materials consents to such disclosure.

DATED: 3/12, 2002

By [signature]

Thomas J. Lyons & Associates
Thomas J. Lyons, Sr. (65699)
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

Consumer Justice Center, P.A.
Thomas J. Lyons, Jr. (249646)
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

Attorneys for Plaintiff Stephen J. Olwell

RIDER, BENNETT, EGAN & ARUNDEL, LLP

DATED: ______________, 2002

By______________________________

Patrick J. Rooney (198274)
Patrick A. Reinken (212702)
Attorneys for Defendant Medical Information Bureau, a/k/a MIB Group, Inc.
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7996 / (612) 340-7980

DATED: _____________, 2002

By_________________________________

Thomas J. Lyons & Associates
Thomas J. Lyons, Sr. (65699)
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

Consumer Justice Center, P.A.
Thomas J. Lyons, Jr. (249646)
342 East County Road D
Little Canada, MN 55117
Telephone: (651) 770-9707

Attorneys for Plaintiff Stephen J. Olwell

RIDER, BENNETT, EGAN & ARUNDEL, LLP

DATED: April 8, 2002

By_________________________________
Patrick J. Rooney (198274)
Patrick A. Reinken (212702)
Attorneys for Defendant Medical Information Bureau, a/k/a MIB Group, Inc.
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
(612) 340-7996 / (612) 340-7980

FAEGRE & BENSON LLP

DATED: ______________, 2002

By________________________________

John P. Borger, #9878
Patricia R. Stembridge, #315503
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7501

Attorneys for ChoicePoint Health Systems, Inc., successor to certain liabilities of defendant Defendant Osborn Laboratories, Inc.

GISLASON & HUNTER LLP

DATED: 3/20, 2002

By________________________________

David D. Alsop #120431
Laura L. Myslis #168932
Attorneys for Defendant Lincoln Benefit Life Company a/k/a Allstate Financial Group
Suite 215E
9900 Bren Road East
P.O. Box 5297
Minnetonka, MN 55343-2297
Telephone: (952) 933-9900

DATED: April 11, 2002

APPROVED AS TO FORM AND SO ORDERED BY THE COURT:

Franklin L. Noel
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Olwell,

Plaintiff,

vs.

Medical Information Bureau a/k/a MIB Group, Inc, Osborn Laboratories, and Lincoln Benefit Life Company a/k/a Allstate Financial Group,

Defendants.

Court File No. CV 01-1481 (JRT/FLN)

**ACKNOWLEDGMENT OF CONFIDENTIALITY AND PROTECTIVE ORDER**

STATE OF ______________)
)ss.
COUNTY OF ____________)

I, ____________________, being first duly sworn, state that:

1. My address is ________________________________________________________.

2. My present employer is ________________________________________________.

3. My present occupation or job description is _______________________________.

4. I have received a copy of the Stipulated Confidentiality and Protective Order entered in this action.

5. I have carefully read and understand the provisions of the Stipulated Confidentiality and Protective Order.

6. I will comply with all the provisions of the Stipulated Confidentiality and Protective Order.

7. I will hold in confidence, not disclose to anyone not designated in the Stipulated Confidentiality and Protective Order, and will use only for the purposes of assisting in the resolution of disputes between the parties to this action, any Confidential Materials as that term is defined in the Stipulated Confidentiality and Protective Order.

8. I will return all Confidential Materials that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me, promptly on the request of counsel for either party, or, if applicable, on the request of counsel by whom I have been retained, or on the conclusion of this litigation.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the Stipulated Confidentiality and Protective Order and of the terms of this Acknowledgment.

______________________________
(Signature)

Subscribed and sworn to before me this
____ day of _______________, 2002.

______________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802


# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.